RULEY, JUDGE:
This claim was submitted upon a stipulation by the parties. Respondent informed claimant in 1969 that respondent intended to condemn claimant’s properties located on Eagen Street and Capitol Street, in Charleston, West Virginia. On November 19,1970, respondent informed a proposed tenant of claimant’s Capitol Street property that it would be futile to lease said property due to the upcoming condemnation. On March 9, 1971, claimant was advised by respondent that neither property would be condemned. Claimant then located a tenant for the Capitol Street property and leased it beginning January 1, 1972. As a result of the respondent’s representations, the Capitol Street property remained vacant for more than a year. The parties have agreed that the reasonable value of the lost rentals on the Capitol Street property during that period is $5,950.00.
With regard to the Eagen Street property, it appears that finally the respondent did take that property in December, 1971. The parties have agreed that the reasonable value of the rentals lost during the period from August, 1970, to December, 1971, is $640.00.
The facts also indicate that respondent was in possession of 20 feet of the Capitol Street property for a temporary construction *153 easement from January 1,1972, to January 1,1978. The parties have agreed that the reasonable value for respondent’s temporary construction easement is $2,410.00. The Court finds that claimant is entitled to recover the reasonable value of the temporary construction easement.
The respondent, by affirmative actions, directly caused the claimant to sustain the foregoing losses which she is entitled to recover under the precedent established in Jones v. State Building Commission, 9 Ct. Cl. 65 (1972).
Award of $9,000.00.